UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

T&M INVENTIONS, LLC,
TIMOTHY M. PENDLEY, and
MICHAEL J. MCLAIN,

                    Plaintiffs,

          v.                                             Case No. 12-C-91

ACUITY BRANDS LIGHTING, INC.,
d/b/a SUNOPTICS PRISMATIC SKYLIGHTS, and
JEROME O. BLOMBERG,

                    Defendants.

## PROTECTIVE ORDER WITH PROVISO

This matter is before me as the parties have filed a stipulation for entry of a Protective

Order. The parties have submitted a proposed Protective Order which addresses pretrial discovery

that may contain sensitive, confidential information of both parties and non-parties from whom

discovery may be sought. The parties are seeking to protect such information from unnecessary

public release. An agreement such as the one the parties have entered into serves the important

purpose of expediting discovery without requiring the court to pass on every document arguably

responsive to a discovery request that a party desires to withhold from public scrutiny. The

protective order adopting their agreement will therefore be entered, but with the following proviso.

The parties should understand that there are no guarantees that documents they designate

"confidential", once made a part of the record before the Court, will remain confidential and

maintained under seal. The long-standing tradition in this country is that litigation is open to the

public. *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("Calling a

settlement confidential does not make it a trade secret, any more than calling an executive's salary

confidential would require a judge to close proceedings if a dispute erupted about payment (or termination). Many a litigant would prefer that the subject of the case-how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on-be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing."); *see also Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346 (7th Cir. 2006)("What happens in the federal courts is presumptively open to public scrutiny."). The records and decisions of the courts should be within the public's view to allow the public access to the reasoning upon which judicial decisions rest. *See Leavell* at 567. For this reason, the parties should be aware that the Court is not bound by the designation of material as confidential by the parties under the Protective Order and, to the extent necessary to reveal the Court's reasoning process, material bearing such a designation that is made a part of the record may be disclosed absent a showing of good cause. Under certain circumstances, third parties can also challenge the parties' designation of information made a part of the record as confidential. S*ee Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36-37 (1984). Furthermore, in the event an appeal is taken from any order of this Court, no part of the record will remain sealed absent a specific finding of good cause. Subject to this proviso, the Protective Order submitted by the parties is hereby adopted by the Court.

**IT IS THEREFORE ORDERED AS FOLLOWS**:

A.     No documents or other information disclosed in the course of discovery in this proceeding shall be used by any party, counsel, or persons engaged or employed by any party or counsel for any purpose except to prosecute or defend the claims asserted in this litigation.

B.      Designation of a document as Confidential Information (as defined below) must be made by placing or affixing on the document in a manner that will not interfere with its legibility the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when the person in good faith believes it contains trade secrets, business operations information, identification of customers, identification of business partners, identification of LLC members, amount or source of any income, profits, losses, or expenditures, or information concerning the production, marketing, sales, shipments, purchases, pricing or transfers of the producing party, personal address or telephone information of any individual, or other information not otherwise publicly known or available, the disclosure of which (i) is likely to have the effect of harming the competitive position of the producing party, (ii) would violate an obligation of confidentiality to a third person, including a court, or (iii) would violate the privacy of any party or third party ("Confidential Information").  Except for documents produced for inspection at the party's facilities, the designation of Confidential Information must be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential.  Once specific documents have been designated for copying, any documents containing Confidential Information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents.  There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential in conformance with this procedure.

C.      Both parties possess certain highly confidential business information, which is not known to their competitors or to the public at large.  Further, both parties receive from third parties Confidential Information, the disclosure of which could harm those third parties' competitive

3

positions. Information designated "CONFIDENTIAL" may therefore be further designated "ATTORNEYS' EYES ONLY" by counsel for the producing party for the purpose of identifying particularly sensitive Confidential Information that should not be disclosed to an opposing party. Confidential Information designated "ATTORNEYS' EYES ONLY" shall only be disclosed to outside trial counsel representing the parties in this matter; members of counsel's firm or other persons employed by that firm assisting counsel in that representation; outside experts or consultants who are not employed by, officers of, or affiliated with any of the parties but who are specifically retained by any of the parties to consult in connection with the matter and who have undertaken in writing, substantially in the form attached hereto as Exhibit A (the "Undertaking"), that they will not disclose the information in question to other persons; the Court, subject to the provisions of paragraph N, below; and court reporters and videographers who signed the Undertaking, and witnesses at depositions, during the time they are being questioned about the document, *provided that* persons to whom disclosure is not authorized will absent themselves from the deposition while inquiry about ATTORNEYS' EYES ONLY material is being made.

D.     Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives must be deemed confidential only if they are designated as such when the deposition is taken or within 15 days after receiving the transcript of the deposition.

E.     In the event that a party seeks discovery from a nonparty to this action, the nonparty may invoke the terms of this order in writing to all parties to the action with respect to any Confidential Information to be provided to the requesting party by the nonparty. To inform such

4

third parties of the existence of this order, a copy must be provided with any party served with a subpoena in this action.

F.  The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential under this rule to any other person or entity, except that disclosures (other than of documents or information marked "ATTORNEYS' EYES ONLY") may be made in the following circumstances:

    i.    Disclosure may be made to counsel, including in-house counsel for the parties, and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Stipulation and Order requiring that the documents and information be held in confidence.

    ii.    Disclosure may be made to employees of a party to whom disclosure is believed in good faith to be essential to conducting the litigation. Any such employee must be advised of, and become subject to, the provisions of this Stipulation and Order requiring that the documents and information be held in confidence.

    iii.    Disclosure may be made to court reporters and videographers engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

    iv.    Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Stipulation and Order requiring that the documents and information be held in confidence by executing the attached Undertaking.

    v.    Disclosure may be made to the Court, subject to paragraphs M and N, below.

G.  Counsel for the parties must keep all documents designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" secure within their exclusive possession and must place such documents in a secure area.

H.  All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to

5

collectively as "copies") of Confidential Information, or any portion thereof, must be immediately

affixed with the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as the case may be,

if that word does not already appear on any existing copies.

I.      All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to

collectively as "copies") of Confidential Information, or any portion thereof, must be immediately

affixed with the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as the case may be,

if that word does not already appear on any existing copies.

J.      If a party produces documents in native or searchable TIF/PDF format by scanning

or loading the documents onto a disk, and if all documents on the disk constitute Confidential

Information, then the producing party may designate all such documents as Confidential

Information by affixing a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" label to the disk

itself; *provided*, however, that the producing party may only label the disk itself

"CONFIDENTIAL" if it believes in good faith that each and every document stored on the disk

being produced is appropriately designated "CONFIDENTIAL" under this Order; *provided further*,

however, that the producing party may only label the disk itself "ATTORNEYS' EYES ONLY"

if it believes in good faith that each and every document stored on the disk being produced is

appropriately designated "ATTORNEYS' EYES ONLY" under this Order.

K.      A party shall not be obligated to challenge the propriety of a designation of

information as protected at the time made, and failure to do so shall not preclude a subsequent

challenge thereto.  If any party to the action disagrees at any stage of the proceedings with such a

designation, that party shall provide to the producing party written notice of its disagreement.  The

parties shall first try to resolve such dispute in good faith on an informal basis.  (The parties are

strongly encouraged to agree on, e.g., "declassification" or "downgrading" of redacted copies of

particular documents or to agree that certain specified persons may be given access to particular protected information.) If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court. The burden of proving that the information has been properly designated as protected is on the party making such designation. The prevailing party on such a motion shall be entitled to recover as motion costs its actual attorney's fees attributable to the motion.

L. If Confidential Information of a producing party is discussed or disclosed in a deposition, the producing party shall have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be discussed or disclosed, any person other than the deponent, the court reporter, and persons entitled to access of the Confidential Information. The Confidential Information shall be designated as **"**CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the request of counsel for the producing party (or, if the producing party is not a party to the action and is not represented at the deposition, at the request of counsel for the party disclosing the information or questioning the witness about it). If such a request is made on the record during the deposition, the reporter shall indicate on the cover page of the transcript that the transcript contains "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information and additionally shall list the pages and line numbers of the transcript on which the information in question is contained. Alternatively, a request to designate Confidential Information as **"**CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be made in writing within fifteen (15) days after the requesting counsel receives a copy of the transcript of the deposition. The request shall contain a list of the numbers of the pages and lines of the transcript that are to be designated as containing Confidential Information, and specific designations for each item or group of items on the list. The list shall be set forth on one or more separate pieces of paper, the first one of which

shall bear the caption of the action and identifying information about the deposition. The requesting counsel shall insert the list before the cover page of the transcript and shall mail or fax copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof.

M.    If a party inadvertently produces a document containing Confidential Information without marking or labeling it as such, the information shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within ten days of the discovery of the inadvertent production of the document, identifying the document in question and of the corrected confidential designation for the document.

N.    To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court in an envelope marked "SEALED." A reference to this Stipulation and Order and/or to Civil L.R. 26(e) may also be made on the envelope.

O.    Any party filing Confidential Information must include with that filing either: (1) a motion to seal the material pursuant to General L. R. 79(d); or (2) an objection to the designation of the information as confidential. If such an objection is made, the person having designated the information as confidential may file a motion to seal under General L. R. 79(d) within 21 days of the objection.

P.    The parties will endeavor prior to any trial or hearing to agree on a protocol for dealing with issues presented by use of Confidential Information in examination and cross-

examination of witnesses at trial and hearings. Because of the policy favoring public attendance at judicial proceedings, the parties are strongly encouraged to agree on procedures that will minimize the presentation of protected information in open court. In appropriate circumstances, such procedures might include, e.g., submission of written testimony under seal, presentation of "declassified" summaries of Confidential Information, and the like. The Court does not here determine which if any such procedures might be suitable in particular situations. Absent a stipulation of all parties, the fact that information has been designated as protected shall not be admissible during the trial of this action, nor shall the jury be advised of such designation.

Q.      This order shall survive the final conclusion of the action, and this Court retains jurisdiction of the parties hereto, and of any person who executes the Undertaking, indefinitely as to any dispute between any of them regarding improper use of information disclosed pursuant to this order.

R.      At the conclusion of this matter, counsel for each party receiving Confidential Information from the other party will return the same to counsel for the producing party or, at the option of the producing party, certify that he or she has destroyed the same.

Dated this ___8th___ day of August, 2012.

s/ William C. Griesbach
William C. Griesbach
U.S. District Court Judge