# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

T&M INVENTIONS LLC, et al,

        Plaintiff,

     v.                                  Case No. 12-C-91

ACUITY BRANDS LIGHTING INC., et al,

        Defendant.

## ORDER REGARDING MOTIONS TO FILE UNDER SEAL

Counsel have each filed Motions to Seal specific documents efiled in support of their positions on a pending motion to exclude testimony apparently due to the fact that the information and exhibits themselves have been marked confidential pursuant to the parties' Protective Order.

The mere fact that the parties agreed to file a document under seal, however, is not sufficient to establish the good cause necessary to maintain such filings under seal. See *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("Calling a settlement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment (or termination). Many a litigant would prefer that the subject of the case-how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on-be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing.")

Accordingly, the party who has designated the material as confidential has the burden of proof on the question of whether it should be maintained under seal now that it has been filed with the Court. That party must provide the Court with good cause to maintain the material under seal within the next fifteen days. Failure to do so will result in the documents being unsealed.

**SO ORDERED** this ___8th___ day of January, 2013.


          s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

2