UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

T&M INVENTIONS, LLC, TIMOTHY M. PENDLEY,
and MICHAEL J. MCLAIN,

    Plaintiffs and Counterclaim Defendants,

    v.                                                     Case No. 12-C-0091

ACUITY BRANDS LIGHTING, INC., d/b/a
SUNOPTICS PRISMATIC SKYLIGHTS,

    Defendant and Counterclaim Plaintiff,

and JEROME O. BLOMBERG,

    Defendant.

**DECISION AND ORDER DENYING EMERGENCY NON-DISPOSITIVE MOTION FOR INJUNCTIVE RELIEF**

    This action is before the Court on an emergency non-dispositive motion for injunctive relief brought by Defendant Acuity Brands Lighting, Inc. (Acuity). Acuity seeks an order requiring plaintiffs to direct their patent counsel to cooperate with Acuity's patent counsel in finalizing, signing and timely filing, on or before January 28, 2013, a response to the action of the U.S. Patent & Trademark Office rejecting an application for a patent that is the subject of this action. The motion will be denied.

    In the underlying action, Plaintiffs T&M Inventions, LLC, Timothy M. Pendley, and Michael J. McClain brought breach of oral contract, promissory estoppel, and unjust enrichment claims relating to the ownership of U.S. Patent Application No. 12/572,176 (the "'176 Application"). Acuity counterclaimed, alleging plaintiffs are improperly attempting to interfere

with its rights in the invention described in the '176 Application. Pendley, McLain, and Defendant Jerome O. Blomberg are named as inventors on the '176 Application. As Blomberg's successor, Acuity also claims rights flowing from the '176 Application. Acuity claims that plaintiffs are attempting to misappropriate the invention to themselves by filing subsequent patent applications which incorporate the invention described in the '176 Application to the exclusion of Blomberg and Acuity.

On July 26, 2012, the PTO issued a non-final Office Action rejecting the '176 Application in its entirety and set a January 28, 2013 deadline for response. If no response to the Office Action is filed on or before January 28, 2013, the '176 Application will be abandoned, and the parties agree the deadline may not be extended. On August 6, 2012, the PTO issued a decision finding that due to the parties divergent interests, "no one side can reasonably expect or be permitted to control the prosecution the ['176 Application] to the exclusion of the other." (Beeson Decl., Ex. E at 3, ECF No. 58-5.) Pursuant to the PTO decision, all further correspondence required the signature of both parties. The decision concluded:

> The USPTO will not coordinate replies or submissions between the parties. The parties themselves must put in place any necessary mechanism to protect their respective interests. In the event that one party is injured by an action or inaction of the other, such as through the refusal to sign a proposed reply, then relief for the injury should be sought in a court of appropriate jurisdiction. The USPTO is not the proper forum for addressing such an issue.

(Beeson Decl., Ex. E at 4, ECF No. 58-5) (emphasis added). Acuity prepared a response to the July 26 Office Action and forwarded it to plaintiffs' attorney to sign. After a series of unsuccessful attempts at communication, it became clear that plaintiffs no longer intended to cooperate with the prosecution of the '176 Application and would not sign on to a response to the Office Action.

2

Because any correspondence with the PTO requires the signature of both parties, without plaintiffs' approval, the '176 Application will be abandoned as of January 28, 2013. Acuity now seeks an order directing plaintiffs to instruct their patent counsel to cooperate with Acuity's patent counsel to finalize, sign, and timely file an Amendment and Response to the Office Action.

The party seeking preliminary injunctive relief must show "that it has (1) no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied and (2) some likelihood of success on the merits." *Ezell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011). The court must also weigh the factors against one another, and assess the harm to the nonmoving party or to the public if the injunctive relief is granted. *Id.* These considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted. *Judge v. Quinn,* 612 F.3d 537, 546 (7th Cir. 2010). An injunction is an equitable remedy that a court may grant in its discretion "in the extraordinary situations where legal remedies such as monetary damages are inadequate." *Bedrossian v. Nw. Mem'l Hosp*, 409 F.3d 840, 842 (7th Cir. 2005).

Acuity urges that an order requiring plaintiffs' counsel to sign the proposed Response to the Office Action is necessary to prevent the status quo from being irrevocably altered by the abandonment of the '176 Application, and with it, Blomberg's rights in his invention. *See Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 895 (1981). In addition, Acuity argues that plaintiffs will suffer no harm whatsoever if the injunction is granted because they remain named inventors and have an undivided ownership interest in all rights flowing from the application. Acuity contends that Blomberg is a rightful co-inventor of the invention and plaintiffs are attempting to misappropriate his rights by filing subsequent patent applications that exclude him.

3

Acuity argues that Blomberg will effectively be left with no way to patent his contributions to the invention and thus no way to protect his rights if the '176 Application expires.

Plaintiffs argue that Acuity has not shown that it has no adequate remedy at law or that it will suffer irreparable harm if a preliminary injunction is denied. If the '176 Application is abandoned due to the parties' lack of consensus, Blomberg and Acuity will still have adequate remedies at law. Such remedies include, for example, correction of later-issued patents, continuation practice, or assignment. While Acuity has presented reasons it feels Blomberg will be harmed by the abandonment of the '176 Application, it has not provided sufficient reason as to why this justifies the extraordinary relief they ask for: they seek to deprive plaintiffs of their right to decide to no longer pursue their patent. Absent some agreement, co-inventors surely are at liberty to determine that they no longer want prosecute their application together. In turn, the individual inventors are still free to patent their respective contributions or to seek appropriate damages. Moreover, as plaintiffs point out, a court order requiring their attorney to sign the proposed Response would disturb the status quo by mandating that plaintiffs proceed with a patent application that they have chosen to abandon.

The PTO determined that it would not allow one party to gain unilateral control over whether to respond on behalf of all the inventors to PTO office actions. (Beeson Decl., Ex. E at 3, ECF No. 58-5.) In so deciding, the PTO contemplated that one party or the other may elect to abandon the application, and if such decision caused injury to the other party, it could seek any available relief. The PTO did not specify *when* such relief should be sought; Acuity implies the PTO's decision should be read to indicate that a party may immediately seek relief for the injury in order to settle a dispute such as the one before me now. But it is not so clear that this was the

4

PTO's intent. Surely, the PTO did not envision that every time the parties cannot reach agreement going forward, a court will decide the matter for them. For this court to issue the type of injunctive relief Acuity has asked for here would give it exactly the type of unilateral power the PTO stated it sought to avoid. Indeed, it might very well place the court in the position of refereeing the entire application process.

Consequently, I remain unpersuaded that I have the authority to require plaintiffs to instruct their attorney to sign the proposed Response and pursue a patent application which, for whatever reason, they have determined they no longer wish to pursue. It seems that plaintiffs have a right to *not* pursue their patent. Blomberg has that same right as a co-inventor named on the application. Even assuming I have such authority, Acuity has failed to establish a likelihood of success on the merits or that it will suffer irreparable harm with no adequate remedy at law. If plaintiffs' abandonment of the application can be shown to be wrongful or in violation of Acuity's rights, it may seek appropriate relief either before this court or some other forum. While Acuity has argued for how its interests will be adversely affected by the abandonment of the '176 Application, it has failed meet its burden of showing that absent the injunctive relief it seeks, it will suffer irreparable injury.

Accordingly, Acuity's motion is **DENIED**.

Dated this   25th   day of January, 2013.

        s/ William C. Griesbach
        William C. Griesbach, Chief Judge
        United States District Court

5