UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

T&M INVENTIONS, LLC, et al.,

        Plaintiffs,

   v.                                     Case No. 12-C-91

ACUITY BRANDS LIGHTING, INC.,

        Defendant.

**DECISION AND ORDER**

All of the claims brought by the Plaintiffs have been resolved. What remains are the counterclaims the Defendant brought, the centerpiece of which is the claim seeking declaratory relief on the matter of inventorship. For a number of reasons, the Defendant now wishes not to proceed with its counterclaims and to have them dismissed without prejudice, which the Plaintiffs oppose. The Plaintiffs argue that they are ready for trial and have expended money and time preparing to litigate these claims. Thus, if the claims are to be dismissed, they believe fairness dictates that they be dismissed *with* prejudice. For the reasons given below, the motion to dismiss the counterclaims without prejudice will be granted.

Motions for voluntary dismissal under Rule 41(a)(2) are committed to the district court's discretion, but it is an abuse of discretion for the district court to permit the voluntary dismissal of an action where the defendant would suffer "plain legal prejudice" as a result. *Wojtas v. Capital Guardian Trust Co.,* 477 F.3d 924, 927 (7th Cir. 2007). Cases involving plain legal prejudice—where a court may *not* allow dismissal without prejudice—are rare. In *Wojtas,* the

plaintiffs realized (after filing suit) that the statute of limitations would bar their claim in Wisconsin, and so in response to the defendant's dismissal motion they asked to be allowed to dismiss their claims so they could re-file them in Illinois, where a more favorable statute of limitations would govern. The court denied their motion, noting that allowing dismissal without prejudice would deprive the defendant of a statute of limitations defense it had under Wisconsin law. The Seventh Circuit affirmed, finding that "Wisconsin law conferred on Capital a vested right . . . that would have been rendered useless if voluntary dismissal without prejudice was granted." *Id.* As such, the defendant, "having acquired a right to assert the statute of limitations bar by operation of Wisconsin law, would suffer plain legal prejudice if the Wojtases' motion for voluntary dismissal were granted." *Id.* at 927-28.

Here, by contrast, there is no suggestion of *legal* prejudice. As discussed in *Wojtas*, legal prejudice means that a party would lose a substantive or procedural *legal* right or defense if dismissal without prejudice were allowed. Here, the Plaintiffs merely argue that they would be inconvenienced and would have wasted resources preparing for a case that will now be dismissed. These factors, which might be described as practical, equitable or financial prejudice, do not constitute the kind of legal prejudice that is necessary in order to remove the matter from a district court's discretion and force a litigant to proceed with claims he wishes to voluntarily dismiss.[1]

---

[1]*Kunz v. DeFelice* (relied on by the Plaintiffs) suggests in dicta that legal prejudice may be shown by factors such as "[t]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." 538 F.3d 667, 678-79 (7th Cir. 2008) (quoting *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir.1969)). The *Pace* case that the court relied on, however, was not addressing *legal* prejudice but merely the factors that a court may consider, in its discretion, in determining whether to allow dismissal without prejudice. Thus, these factors (which are considered below) are not matters of *legal* prejudice but are more in the vein of equitable considerations that may inform a court in the

2

*Wojtas* governs the rarer case in which a court has no discretion, or, as the courts sometimes put it, where there is no "zone of choice." *United States v. Outboard Marine Corp.,* 789 F.2d 497, 502 (7th Cir. 1986). As noted above, this is not that kind of case. Instead, this is a run-of-the-mill case where a litigant contests the proposed dismissal without prejudice on the grounds that it has run up expenses defending the claim and wishes to proceed to trial. Although *Wojtas* does not forbid dismissal under these circumstances, neither does it *require* dismissal: when there is no showing of plain legal prejudice, a court *may* allow dismissal without prejudice but is not *required* to do so. *See* Fed. R. Civ. P. 41(a)(2) ("[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.") The question is whether this is an appropriate case to allow dismissal.

In exercising discretion under Rule 41(a)(2), I must consider factors such as "[t]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Kunz,* 538 F.3d at 678-79. The motion to dismiss was filed only a month before trial, and that fact somewhat supports the Plaintiffs' view that there could have been a lack of diligence on the Defendant's part, and it is further supportive of the notion that the Plaintiffs have expended efforts in preparation for trial. But upon closer examination, I conclude that most of the factors tip the other way and suggest that the Defendant should be allowed to dismiss its counterclaims without prejudice.

---

exercise of its discretion.

First, as a counterclaim-defendant, Acuity is not the party that instigated this dispute by commencing litigation—its counterclaims were a largely defensive response to the claims the Plaintiff brought against it. Thus, this stands in contrast to a more typical case in which a plaintiff institutes a lawsuit, forces the defendant to incur significant costs and efforts, and then seeks to withdraw it with essentially no penalty. When a party initiates a lawsuit, it must expect that the lawsuit will generate significant expenses, including those resulting from any counterclaims that might reasonably be related to the underlying claims.

Second, I note that the court already dismissed the Plaintiffs' claims at the summary judgment stage after finding that they lacked merit. No doubt the Defendant incurred substantial expenses defending these claims, and the court devoted substantial time to resolving them. It is likely that these expenses and efforts outweigh any expenses the Plaintiffs now allege they incurred in defending against the counterclaims and preparing for trial. Complex federal litigation often gives rise to significant expenses and efforts, and in many cases these efforts are rendered fruitless by rulings and other circumstances. Here, given that many of these expenses were the result of the *Plaintiffs'* own claims, which have been found to lack merit, I do not place much weight on the fact that the Plaintiffs have themselves expended some time and expense in defending the Defendant's counterclaims, whose merits are yet to be decided. And in the event the Defendant does file its counterclaims at some future date, much of the work Plaintiffs invested could be recycled.

Third, I am satisfied that the Defendant has not unduly delayed matters and has explained in some detail why a dismissal without prejudice would be appropriate here. The delay in bringing the motion to dismiss related to the serious health problems of former defendant Jerome Blomberg. Its decision to withdraw the claims is largely an economic one. It asserts that the invention at issue

4

has poor sales, and thus the expense of a trial *at this time* is simply not worth it. It also cites the fact that it has a licence for two years to manufacture the products at issue here, and thus there is little reason to challenge the inventorship during the pendency of that licence. Finally, it believes at least some of the matters in this action may be resolved through its own pending patent applications. The Plaintiffs' principal objection to these points is based on fears about a "cloud" hanging over them due to the possibility of a second lawsuit. But such a cloud exists in every Rule 41(a)(2) case, and thus the fact that a second lawsuit might be filed at some future date is of little significance to the analysis. In fact, it is *presumed* in the analysis. Absent a more concrete fear, the mere threat of a second lawsuit at some time in the future does not sway the analysis materially.

Fifth, I note that much of the prejudice the Plaintiffs allege could have been cured through the imposition of terms on the dismissal without prejudice. Under Fed. R. Civ. P. 41(a)(2), a court may impose costs or other terms that could ameliorate any unfairness stemming from the dismissal. *McCall-Bey v. Franzen,* 777 F.2d 1178, 1184 (7th Cir.1985) (stating that the terms and conditions "are the quid for the quo of allowing the plaintiff to dismiss his suit without being prevented by the doctrine of res judicata from bringing the same suit again.") But Plaintiffs have not proposed any terms or conditions on the dismissal—they simply want the Defendant to either litigate its claim now or abandon it for all time. This all-or-nothing approach and the failure to identify any terms that would mitigate the alleged prejudice suggests that much of the prejudice Plaintiffs will suffer is of the speculative, rather than actual, variety. As noted earlier, if the counterclaims are not revived then there is no issue; and if they *are* revived, then at least some of their efforts may be recycled.

Finally, I am convinced that the nature of the key remaining claim—a declaratory judgment

5

Case 1:12-cv-00091-WCG    Filed 10/31/13    Page 5 of 8    Document 124

claim—requires some degree of deference to the wishes of the party seeking to dismiss the claim. There would be something unusual about requiring a court to issue a declaration on a matter when the party who originally sought that declaration no longer wants it. A declaratory judgment counterclaim may only be brought to resolve an "actual controversy." 28 U.S.C. § 2201(a) (1994). The actual controversy "must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). Given the Defendant's position, there is at least some question as to whether a declaratory judgment (or any other relief) would be ripe for consideration. And the Declaratory Judgment Act itself provides that district courts "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). When a party says that there is no longer an economic justification for seeking a declaration, a court should be reluctant to plow ahead absent especially compelling circumstances. And when it is unknown whether Acuity will ever bring a similar inventorship challenge in the future, the need for declaratory relief is speculative and thus any declaration issued could merely be of an advisory nature.[2]

      Finally, the Plaintiffs ask that they be allowed to amend their complaint to add a mirror-image declaratory judgment action of their own, the theory being that if the Defendant doesn't want to proceed with its claim, the Plaintiffs should be allowed to assert their own claim to clear up the inventorship question and allow the matter to be tried next week. But it follows from the above discussion that Acuity should not be forced to litigate this question at this time. It has asserted that the economics of the situation do not warrant litigation, and therefore the question of whether there

---

[2]These considerations remain true even if the declaratory judgment claim is converted into a correction of inventorship claim.

is a sufficiently justiciable dispute is up in the air. Accordingly, I do not believe amending the complaint and proceeding immediately to trial is a viable course. And given that Acuity has stated that it will not be bringing any kind of inventorship claim during the term of its license (which expires in 2015), it is doubtful that a declaratory action brought by the Plaintiffs would be justiciable. A declaratory action must involve "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118 (2007) (quoting *Maryland Casualty Co.,* 312 U.S. 270, 273 (1941)). Here, the only inkling of a controversy is that, at some future date, the Defendant *might* bring an inventorship claim. Its present posture and assurances, however, indicate that such a claim, *if* it were ever filed, would not be in the near future. Thus, there are substantial questions about whether a controversy even exists, and it is even clearer that the controversy is not of sufficient immediacy that declaratory relief would be warranted. This is far different from the case where one party is threatening litigation and the would-be defendant goes to court first to obtain declaratory relief. By contrast, here the Defendant is in a perfect position to litigate (trial being right around the corner) and has spent significant energy explaining why it chooses *not* to do so right now or in the immediate future. Whether such a lawsuit would materialize in the future is dependent on any number of contingencies, including the financial success of the product, any future licenses Acuity obtains, and any developments from the Patent and Trademark Office. These factors all suggest that any controversy is so contingent on future events that the Plaintiffs' proposed declaratory judgment claim would be futile.

7

The motion to voluntarily dismiss the counterclaims is **GRANTED**, and the counterclaims are **DISMISSED** without prejudice, except for the tortious interference and misrepresentation claims, which are **DISMISSED** *with* prejudice. The clerk is directed to enter judgment indicating that all of Plaintiffs' claims are dismissed with prejudice, and Acuity's counterclaims are dismissed without prejudice, except that its tortious interference and misrepresentation claims are dismissed with prejudice.

**SO ORDERED** this 31st day of October, 2013.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court